**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MICHAEL S. HELMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-14-1003-W** |
| | ) | |
| | ) | |
| **DOCTOR SORENSON, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**REPORT AND RECOMMENDATION**</u>

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, has brought this action under 42 U.S.C. § 1983, alleging a violation of his rights under the United States Constitution. United States District Judge Lee R. West has referred the matter to the undersigned for the entry of appropriate orders as to non-dispositive matters, and for the preparation and submission of proposed findings and recommendations as to dispositive matters, as referenced in 28 U.S.C. § 636(b)(1)(B) and (C). Currently before the Court is Defendants' Motion to Dismiss **(ECF No. 14)**, to which Plaintiff has responded and Defendants have replied. (ECF Nos. 19, 20). For the reasons set forth below, it is recommended that Defendants' Motion to Dismiss be **DENIED**.

### I.     Background

According to the Complaint (ECF No. 1), Plaintiff is currently incarcerated at Lawton Correctional Facility ("LCF") and alleges that during his incarceration at LCF, he has been denied adequate medical care in violation of his rights under the Eighth Amendment. Plaintiff identifies Defendant Sorenson as a physician providing medical

care to inmates, including Plaintiff, incarcerated at LCF. Plaintiff identifies Defendant Stouffer as LCF's Health Services Administrator.

Plaintiff alleges that prior to his transfer to LCF, he injured his back in an accident in 2005 while working at the butcher shop at Jackie Brannon Correctional Center in McAlester, Oklahoma. (ECF No. 1:2). Plaintiff contends the accident resulted in a crushed disc in his back and "syotica" in his left hip, and that these conditions cause pain, numbness, a burning sensation in his leg, and neuropathy in his feet due to long-term nerve damage. (ECF No. 1-3:1). For several years prior to transferring to LCF, Plaintiff had been placed on various medications for the pain resulting from these injuries/impairments and provided "medical shoes." (ECF No. 1:2; ECF 1-2:2-5; ECF 1-3:1-2). Upon arrival at LCF, Dr. Sorenson discontinued Plaintiff's medications and no related accommodations have been provided. *Id.*

Plaintiff states that he has repeatedly informed Dr. Sorenson of his medical history but Dr. Sorenson told him that his records do not reflect such an injury nor any related treatment. (ECF No. 1:1; ECF No. 1-2:1-2, 4-5; ECF No. 1-3:2-3). Plaintiff also contends however that a nurse at LCF has shown his records to him on the computer and that they include documentation of at least his treatment while incarcerated in Holdenville, including his last MRI performed in 2011. (ECF No. 1-2:1-2, 4-5; ECF No. 1-3: 2-3).

Plaintiff contends that because Dr. Sorenson refuses to treat his impairments he is suffering "unbearable pain" in his legs and his feet, including shooting pains in his legs and throbbing in his feet, all of which makes him unable to stand for very long.

(ECF No. 1:3-4; ECF No. 1-2:3, 5; ECF 1-3:2). He has repeatedly requested to be placed on his previous medications, and has also requested medical shoes, a shower chair, a bucket, a medical mattress and a new MRI since Dr. Sorenson insists his records do not contain his previous MRI results. (ECF No. 1:1; ECF No. 1-2: 1-5; ECF No. 1-3:1-2; ECF No. 1-5:1; ECF No. 1-6:1; ECF No. 1-7:1; ECF No. 1-8:1-2; ECF No. 1-9:1-2; ECF No. 1-11:1; ECF No. 1-12:1).

## II.    Issues Presented

Based on the above allegations, Plaintiff contends Defendants have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Defendants have filed a Motion to Dismiss based on three grounds. First, Defendants contend Plaintiff failed to allege facts sufficient to show Defendants were acting under color of state law, as required by 42 U.S.C. § 1983. Second, Defendants argue Plaintiff has failed to state a claim upon which relief can be granted because his allegations do not rise to the necessary level to establish an Eighth Amendment violation of deliberate indifference to his medical needs. Finally, Defendants argue Plaintiff failed to sufficiently plead exhaustion of his administrative remedies, which they contend is required under the Prison Litigation Reform Act.

## III.  STANDARD OF REVIEW FOR MOTION TO DISMISS

For purposes of deciding this Motion only, Plaintiff's factual allegations are accepted as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity and then

determine whether they plausibly give rise to an entitlement to relief."). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

### IV.  Analysis

### A.  Defendants as state actors for purposes of 42 U.S.C. § 1983

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The precise nature of Plaintiff's first argument is not entirely clear. It seems their contention is that because they are medical providers they cannot be considered as acting "under color of state law." However, in making this argument,

Defendants rely on *Sigmon v. Cmty. Care HMO, Inc.*, 234 F.3d 1121 (10th Cir. 2000), an employment law case centering on whether an independent contractor hired by the City of Tulsa and who required its employee to undergo a drug treatment program could be considered a state actor. Thus, Defendants might have intended to argue they are independent contractors and that such status negates the possibility of acting under color of state law. Notably, Defendants did not include any material or explanation with their Motion that might have illuminated the Court regarding the details of their employment with LCF or their intended argument in this regard. In any event, the law is well-established that physicians providing medical care at a prison facility and/or to inmates are indeed state actors for § 1983 purposes.

The Complaint specifically alleges Defendants are part of the medical staff providing the medical care that is the subject of the current lawsuit. Those allegations are sufficient to plausibly allege Defendants were acting under color of law for purposes of § 1983 liability. *See West*, 487 at 54 ("a physician employed by North Carolina to provide medical services to state prison inmates, acted under color of state law for purposes of § 1983 when undertaking his duties in treating petitioner's injury. Such conduct is fairly attributable to the State"); *Smith v. Cochran*, 339 F.3d 1205, 1215-16 (10th Cir. 2003) (noting, "persons to whom the state delegates its penological functions, which include the custody and supervision of prisoners, can be held liable for violations of the Eighth Amendment" and citing numerous opinions from the Supreme Court and other circuit courts holding the same); *Nieto v. Kapoor*, 268 F.3d 1208, 1216 (10th Cir. 2001) (applying the reasoning in Supreme Court's *West* decision to determine that a

doctor under contract with the State was acting under color of law in a § 1983 equal protection and free expression case); *Conner v. Donnelly*, 42 F.3d 220 (4th Cir. 1994) (holding that private physician who treated inmate on referral of prison physician acted under "color of state law," though he did not have contractual relationship with state to provide medical services to inmate). Thus, Defendants' request that the Court dismiss Plaintiff's claims based on a failure to sufficiently allege they acted under color of state law should be denied.

**B.    Plaintiff's Eighth Amendment allegations**

In *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the Supreme Court stressed that *pro se* complaints are to be read liberally. This court should dismiss Plaintiff's complaint for failure to state a claim only if it appears beyond doubt that he can prove no set of facts in support of his claims that would entitle him to relief. *See Id.*

To prevail on his Eighth Amendment claim, Plaintiff must demonstrate: (1) objectively, the harm he complains of is sufficiently "serious" to merit constitutional protection and (2) Defendants were subjectively aware of a substantial risk to Plaintiff's health or safety and acted in purposeful disregard of that risk. *See Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009). With regard to the objective component, "[a] medical need is sufficiently serious 'if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999)). The subjective component is satisfied if the official "knows of and disregards an

excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Construing Plaintiff's *pro se* Complaint liberally, the undersigned finds that Plaintiff has alleged sufficient facts to support an Eighth Amendment deliberate indifference claim, albeit by the narrowest of margins. Plaintiff claims that Defendants have been deliberately indifferent to his medical needs due to the denial of treatment for his back injury and related impairments. In the Complaint, the Plaintiff states that Dr. Sorenson refuses to treat these impairments based on his contention that Plaintiff's records do not indicate he has ever suffered a back injury and/or suffers from a medical impairment related to a crushed disc, nerve damage and neuropathy. (ECF No. 1:2; ECF No. 1-2:1-2, 4-5; ECF No. 1-3:2-3). According to Plaintiff, however, his medical records at LCF do indeed include such documentation because a nurse has shown those very records to him since his arrival at LCF. (ECF No. 1-2:1-2, 405; ECF No. 1-3:2-3). Thus, based solely on the Complaint, which at this point in the litigation the Court must accept as true, Defendants are aware Plaintiff suffers from a serious medical condition for which he has received medical treatment for years, they are refusing to treat that condition for seemingly unfounded reasons and as a result Plaintiff suffers unbearable pain, including shooting pain down his legs, throbbing in his feet and he cannot stand up for extended periods of time. While the undersigned is aware that not every twinge of pain is actionable, "[t]he Eighth Amendment forbids 'unnecessary *and wanton*

infliction of *pain*." *Sealock*, 218 F.3d at 1210 (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)) (emphasis in original).

These factual allegations are entitled to an assumption of veracity, so the sole question before the Court is whether "they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. The undersigned finds that Plaintiff has alleged enough at this point to survive Defendants' 12(b)(6) motion, but again only by the very narrowest of margins. As with most constitutional claims, Plaintiff's Eighth Amendment claims are fact-intensive and will require further development of the record. At this point, it is not "beyond doubt" that Plaintiff could prove no set of facts that might support an Eighth Amendment claim. *See Estelle*, 429 U.S. at 106. Accordingly, the undersigned recommends the Court deny Defendants' Motion to Dismiss based on their contention that Plaintiff's factual allegations are insufficient to support an Eighth Amendment claim.

## C. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1995 (PLRA) requires a prisoner to exhaust all available administrative remedies before resorting to a § 1983 action in federal court. Specifically, 42 U.S.C. § 1997e(a) provides as follows: "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* "[E]xhaustion is mandatory under the PLRA and ... unexhausted claims cannot be brought in court." *Jones v. Bock,* 549 U.S. 199, 211 (2007).

Relying on *Torres v. Corr. Corp. of Am.*, 372 F.Supp.2d 1258 (N.D. Okla. 2005), Defendants argue Plaintiff had the burden of showing in his Complaint that he had exhausted his administrative remedies prior to filing suit. (ECF No. 14:7-8). However, the *Torres* decision pre-dates the Supreme Court's decision in *Jones v. Bock*, *supra.*, in which the Supreme Court held that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id.* at 216. When a defendant asserts an affirmative defense—such as the failure to exhaust administrative remedies—in a dispositive motion, the defendant "must demonstrate that no disputed material fact exists regarding the affirmative defense asserted." *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997).

While it is true Plaintiff did not establish that he fully exhausted his administrative remedies, he was not required to do so. *Id.* Instead, Defendants hold that burden and they failed to meet it. In his Response to Defendants' Motion to Dismiss, Plaintiff appears to indicate that he may well not have exhausted his administrative remedies. However, he also indicates that any failure to do so was the result of the actions of Defendant Stouffer thwarting his attempts to do so. (ECF No. 19:3). "Where prison officials thwart or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010).

It is not entirely clear whether Plaintiff failed to exhaust, nor whether any failure to do so was truly the result of prison officials' efforts. However, it is Defendants'

burden to show Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit and they have not met that burden. Accordingly, the undersigned recommends Defendants' Motion to Dismiss based on Plaintiff's failure to establish he had exhausted his administrative remedies be denied.

## RECOMMENDATION

After careful consideration of the issues in this case, it is recommended that Defendants' Motion to Dismiss be **DENIED** in its entirety.

## NOTICE OF RIGHT TO OBJECT

Defendants are hereby advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by **April 6, 2015**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF THE REFERRAL

This Report and Recommendation disposes of all issues currently referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on March 20, 2015.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE