IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA



FILED
APR - 7 2015
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

MICHAEL S. HELMS, )
)
Plaintiff, )
)
vs. ) No. CIV-14-1003-W
)
DR. SORENSON and SHIRLEY )
STOUFFER, )
)
Defendants. )

## ORDER

On March 20, 2015, United States Magistrate Judge Shon T. Erwin issued a Report and Recommendation in this matter and recommended that the Motion to Dismiss filed pursuant to Rule 12(b)(6), F.R.Civ.P.,[1] by defendants Dr. Sorenson and Shirley Stouffer be denied. The defendants were advised of their right to object, see Doc. 12 at 10, and the matter now comes before the Court on defendants' Objection to Magistrate Judge's Report and Recommendation [Doc. 23], wherein the defendants have objected to one of Magistrate Judge Erwin's three findings and recommendations.

As to those grounds not challenged by the defendants–whether plaintiff Michael S. Helms has exhausted his administrative remedies and whether the defendants' conduct is fairly attributable to the State of Oklahoma, the Court concurs with Magistrate Judge Erwin. Exhaustion is an affirmative defense, and the defendants have not met their burden at this stage of the proceedings to show that Helms has failed to exhaust his administrative

---

[1]The defendants also filed a "Special Appearance." See Doc. 14. Rule 12, F.R.Civ.P., abolished the distinction between general and special appearances in 1938, and these labels have no legal significance. E.g., 5B C. Wright and A. Miller, Federal Practice and Procedure § 1344, at 30 (3d ed. 2004)(technical distinctions between general and special appearances abolished; no end accomplished by retaining or using terms in federal practice).

remedies as required by the Prison Litigation Reform Act of 1996, 42 U.S.C. § 1997e(a).

As to Magistrate Judge Erwin's finding that the defendants were "'clothed with the authority of state law,'" West v. Atkins, 487 U.S. 42, 49 (1988)(quotation and further citations omitted), the Court likewise agrees. Helms has sought relief under title 42, section 1983 of the United States Code, which imposes liability for conduct carried out under the color of state law that deprives a plaintiff of "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983. Helms has contended that he has been subjected to cruel and unusual punishment in violation of the eighth amendment to the United States Constitution, and to ultimately prevail on his claim, he must establish that the defendants acted under color of state law. E.g., Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).

Based on the allegations in the complaint, the Court finds that it is plausible to infer that Dr. Sorenson and Stouffer, who are identified, respectively, as a physician employed as a health care provider at Lawton Correctional Facility ("LCF"), see Doc. 1 at 1, and as LCF's Health Services Administrator, see id. at 2, were acting under color of state law at the time the events giving rise to this lawsuit occurred. E.g., West, 487 U.S. at 54 (physician under contract with state to provide medical services to inmates acted under color of state law for purposes of section 1983 when treating inmate's injury).

The Court is mindful that being a state actor, however, is not sufficient; for liability to attach, Helms must also allege and ultimately prove that the defendants "subject[ed], or cause[d] [him] to be subjected," 42 U.S.C. § 1983, to the deprivation of a federally-protected right. E.g., Schneider v. City of Grand Junction Police Department, 717 F.3d 760, 778 (10th Cir. 2013)(causation is element of section 1983 claim). Accordingly, for

Helms' section 1983 claims to succeed against Dr. Sorenson and Stouffer, he "must show [each defendant's] personal involvement or participation in the . . . [the alleged constitutional violation]." Grimsley v. MacKay, 93 F.3d 676, 679 (10th Cir. 1996)(citation omitted).

In determining whether Helms had met his "obligation to provide the 'grounds' of . . . [his] 'entitle[ment] to relief[,]'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted), under the eighth amendment, Magistrate Judge Erwin, as the defendants have argued, used the wrong standard. He stated that dismissal of Helms' complaint was warranted only "if it appears beyond doubt that [Helms] . . . can prove no set of facts in support of his claims that would entitle him to relief." Doc. 22 at 6 (citation omitted); e.g., id. at 8 ("[a]t this point, it is not 'beyond doubt' that Plaintiff could prove no set of facts that might support an [e]ighth [a]mendment claim")(citation omitted).[2]

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 22] filed on March 20, 2015, as to Magistrate Judge Erwin's findings and recommendations regarding exhaustion and whether the defendants qualify as actors for purposes of section 1983–findings and recommendations that were not challenged by the defendants in their Objection to Magistrate Judge's Report and Recommendation [Doc. 23]; but

(2) FINDS that this matter should be and is hereby RE-REFERRED to Magistrate Judge Erwin for further proceedings so that he may consider Helms' allegations advanced in support of his eighth amendment claim under the standard articulated by the United

---

[2]The United States Supreme Court retired the "no set of facts'" standard in 2007. E.g., Gee v. Pacheco, 627 F.3d 1178, 1183 (10th Cir. 2010).

States Supreme Court in Twombly, 550 U.S. at 570 (to survive Rule 12(b)(6) motion, pleadings must contain "enough facts to state a claim to relief that is plausible on its face").

ENTERED this 7th day of April, 2015.

LEE R. WEST
UNITED STATES DISTRICT JUDGE