# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

MICHAEL S. HELMS, )
)
    Plaintiff, )
)
)
v. ) Case No. CIV-14-1003-W
)
)
DOCTOR SORENSON, et al., )
)
    Defendants. )

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, has brought this action under 42 U.S.C. § 1983, alleging a violation of his rights under the United States Constitution. United States District Judge Lee R. West has referred the matter to the undersigned for the entry of appropriate orders as to non-dispositive matters, and for the preparation and submission of proposed findings and recommendations as to dispositive matters, as referenced in 28 U.S.C. § 636(b)(1)(B) and (C).

Before the Court is Defendants' Motion to Dismiss (ECF No. 14). Defendants argued in their Motion that Plaintiff had not sufficiently established he had exhausted his administrative remedies, failed to sufficiently establish Defendants acted under color of state law and "failed to allege facts sufficient to show that he suffered a constitutional violation." (ECF No. 14). The undersigned issued a Report and Recommendation on March 20, 2015 in which it was recommended that Defendants' Motion be denied in its entirety. (ECF No. 22).

Defendants filed an objection to the Report and Recommendation addressing only the denial of Defendants' argument that Plaintiff had failed to allege facts sufficient to show he suffered a constitutional violation. (ECF No. 23). Specifically, Defendants argued that the undersigned applied the wrong standard in initially denying their Motion to Dismiss. (ECF No. 23). United States District Court Judge Lee R. West re-referred the Motion as to this issue only. (ECF No. 24). Having reviewed Defendants' Motion to Dismiss, the undersigned recommends it be **DENIED.**

## I. Standard of Review on a Motion to Dismiss

As stated in the initial Report and Recommendation, for purposes of deciding this Motion only, Plaintiff's factual allegations are accepted as true. See *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "The court's function on a Rule 12(b)(6) motion is not

to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

## II. Plaintiff's Allegations

In their original Motion to Dismiss and in their Objection to the Report and Recommendation, Defendants characterize Plaintiff's allegations as complaining that Defendants did not provide him with proper medications for his back injury, medical shoes, a shower chair and bucket, a medical mattress and a new MRI. (ECF No. 14:1; ECF No. 23:3). While these statements are included in Plaintiff's Complaint, they do not represent the totality of Plaintiff's allegations. According to the Complaint, Plaintiff is currently incarcerated at Lawton Correctional Facility ("LCF") and alleges that during his incarceration at LCF, he has been denied adequate medical care in violation of his rights under the Eighth Amendment. Plaintiff identifies Defendant Sorenson as a physician providing medical care to inmates, including Plaintiff, incarcerated at LCF. Plaintiff identifies Defendant Stouffer as LCF's Health Services Administrator.

Plaintiff alleges that prior to his transfer to LCF, he injured his back in an accident in 2005 while working at the butcher shop at Jackie Brannon Correctional Center in McAlester, Oklahoma. (ECF 1:2). Plaintiff contends the accident resulted in a crushed disc in his back and "syotica" in his left hip, and that these conditions cause pain, numbness, a burning sensation in his leg, and neuropathy in his feet due to long-term nerve damage. (ECF No. 1-3:1). For several years prior to transferring to LCF, Plaintiff had been placed on various medications for the pain resulting from these

injuries/impairments and provided "medical shoes." (ECF No. 1:2; ECF 1-2:2-5; ECF 1-3:1-2). Upon arrival at LCF, Dr. Sorenson discontinued Plaintiff's medications and no related accommodations have been provided. *Id.*

Plaintiff states that he has repeatedly informed Dr. Sorenson of his medical history but Dr. Sorenson told him that his records do not reflect such an injury nor any related treatment. (ECF No. 1:1; ECF No. 1-2:1-2, 4-5; ECF No. 1-3:2-3). Plaintiff further contends however that a nurse at LCF has shown his records to him on the computer and that they include documentation of at least his treatment while incarcerated in Holdenville, including his last MRI performed in 2011. (ECF No. 1-2:1-2, 4-5; ECF No. 1-3: 2-3).

Plaintiff states that because Dr. Sorenson refuses to treat his impairments he is suffering "unbearable pain" in his legs and his feet, including shooting pains in his legs and throbbing in his feet, all of which makes him unable to stand for very long. (ECF No. 1:3-4; ECF No. 1-2:3, 5; ECF 1-3:2). He has repeatedly requested to be placed on his previous medications, and has also requested medical shoes, a shower chair, a bucket, a medical mattress and a new MRI since Dr. Sorenson insists his records do not contain his previous MRI results. (ECF No. 1:1; ECF No. 1-2: 1-5; ECF No. 1-3:1-2; ECF No. 1-5:1; ECF No. 1-6:1; ECF No. 1-7:1; ECF No. 1-8:1-2; ECF No. 1-9:1-2; ECF No. 1-11:1; ECF No. 1-12:1).

### III. Analysis

To prevail on his Eighth Amendment claim, Plaintiff must demonstrate: (1) objectively, the harm he complains of is sufficiently "serious" to merit constitutional

protection and (2) Defendants were subjectively aware of a substantial risk to Plaintiff's health or safety and acted in purposeful disregard of that risk. *See Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009). With regard to the objective component, "[a] medical need is sufficiently serious 'if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999)). The subjective component is satisfied if the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Construing Plaintiff's *pro se* Complaint liberally, the undersigned finds that Plaintiff has set forth sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff claims that Defendants have been deliberately indifferent to his medical needs due to the denial of treatment for his back injury and related impairments. In the Complaint, Plaintiff states that Dr. Sorenson refuses to treat these impairments based on his contention that Plaintiff's records do not indicate he has ever suffered a back injury and/or suffers from a medical impairment related to a crushed disc, nerve damage and neuropathy. (ECF No. 1:2; ECF No. 1-2:1-2, 4-5; ECF No. 1-3:2-3). According to Plaintiff, however, his medical records at LCF do indeed include such documentation because a nurse has shown those very records to him since his

arrival at LCF. (ECF No. 1-2:1-2, 405; ECF No. 1-3:2-3). Thus, based solely on the Complaint, which at this point in the litigation the Court must accept as true, *see Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (internal citations omitted)) Defendants are aware Plaintiff suffers from a serious medical condition for which he has received medical treatment for years, they are refusing to treat that condition for seemingly unfounded reasons and as a result, Plaintiff suffers unbearable pain, including shooting pain down his legs, throbbing in his feet and he cannot stand up for extended periods of time. While the undersigned is aware that not every twinge of pain is actionable, "[t]he Eighth Amendment forbids 'unnecessary *and wanton* infliction of *pain*." *Sealock*, 218 F.3d at 1210 (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)) (emphasis in original).

These factual allegations are entitled to an assumption of veracity, so the sole question before the Court is whether "they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. The undersigned finds that Plaintiff has alleged enough at this point to survive Defendants' 12(b)(6) motion. As with most constitutional claims, Plaintiff's Eighth Amendment claims are fact-intensive and will require further development of the record. However, at this point, Plaintiff has set forth factual content that "plausibly gives rise to an entitlement of relief." *Id.* Accordingly, the undersigned recommends the Court deny Defendants' Motion to Dismiss based on their contention that Plaintiff's factual allegations are insufficient to support an Eighth Amendment claim.

## RECOMMENDATION

After careful consideration of the issues in this case, it is recommended that Defendants' Motion to Dismiss be **DENIED (ECF No. 14)**.

## NOTICE OF RIGHT TO OBJECT

Defendants are hereby advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by **April 27, 2015**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF THE REFERRAL

This Report and Recommendation disposes of all issues currently referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on April 10, 2015.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE