IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED

APR 2 8 2015

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

MICHAEL S. HELMS, )
　　　　　　　　　　　　　　　)
　　　　　　Plaintiff, 　　　　　)
　　　　　　　　　　　　　　　)
vs. 　　　　　　　　　　　　　　) 　　No. CIV-14-1003-W
　　　　　　　　　　　　　　　)
DR. SORENSON and SHIRLEY 　)
STOUFFER, 　　　　　　　　　　)
　　　　　　　　　　　　　　　)
　　　　　　Defendants. 　　　　)

## ORDER

On March 20, 2015, United States Magistrate Judge Shon T. Erwin issued a Report and Recommendation in this matter and recommended that the Motion to Dismiss filed pursuant to Rule 12(b)(6), F.R.Civ.P., by defendants Dr. Sorenson and Shirley Stouffer be denied. The defendants were advised of their right to object, see Doc. 12 at 10, and the matter came before the Court on the defendants' objection to one of Magistrate Judge Erwin's three findings and recommendations.

As to those grounds not challenged by the defendants—whether plaintiff Michael S. Helms had exhausted his administrative remedies and whether the defendants qualified as "state actors" for purposes of title 42, section 1983 of the United States Code, the Court concurred with Magistrate Judge Erwin and to that extent adopted the Report and Recommendation. See Doc. 24.

As to Magistrate Judge Erwin's finding and recommendation with regard to whether Helms had met his "obligation to provide the 'grounds' of . . . [his] 'entitle[ment] to relief[,]'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted), the Court found that Magistrate Judge Erwin, as the defendants had argued, had used the wrong standard

and, accordingly, the Court re-referred the matter so that Magistrate Judge Erwin could consider Helms' allegations advanced in support of his claim that he had been subjected to cruel and unusual punishment in violation of the eighth amendment claim to the United States Constitution under the pleading standard articulated by the United States Supreme Court in Twombly, 550 U.S. at 570 (to survive Rule 12(b)(6) motion, pleading must contain "enough facts to state a claim to relief that is plausible on its face"). E.g., Iqbal v. Ashcroft, 556 U.S. 662 (2009).

Magistrate Judge Erwin has now issued a Supplemental Report and Recommendation and has again recommended that the defendants' request for dismissal be denied. See Doc. 25 at 6 (quoting Iqbal, 556 U.S. 679)("Plaintiff has set forth factual content that 'plausibly gives rise to an entitlement of relief"). Although the defendants were granted the opportunity to object to the Supplemental Report and Recommendation, see Doc. 25 at 7, no objections have been filed within the allotted time.

Upon review of the record and after accepting as true all factual allegations in Helm's complaint and construing the same in his favor, the Court finds that it is plausible to infer that Dr. Sorenson and Stouffer "subject[ed], or cause[d] [Helms] to be subjected," 42 U.S.C. § 1983, to the deprivation of a federally-protected right. E.g., Schneider v. City of Grand Junction Police Department, 717 F.3d 760, 778 (10th Cir. 2013)(causation is element of section 1983 claim).

Accordingly, the Court concurs with Magistrate Judge Erwin's suggested disposition of the defendants' Motion to Dismiss as to this remaining issue, and therefore

(1) ADOPTS the Supplemental Report and Recommendation [Doc. 25] filed on April 10, 2015;

(2) DENIES the defendants' Motion to Dismiss [Doc. 14] filed on December 9, 2014; and

(3) RE-REFERS this matter to Magistrate Judge Erwin for further proceedings consistent with 28 U.S.C. § 636 and, as applicable, Rule 8, Rules Governing 2254 Cases in the United States District Courts.

ENTERED this 28th day of April, 2015.

LEE R. WEST
UNITED STATES DISTRICT JUDGE