IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL S. HELMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-14-1003-W |
| | ) |
| DOCTOR SORENSON, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff is a state inmate currently incarcerated at Lawton Correctional Facility (LCF). Plaintiff initiated a civil rights complaint alleging that Defendants have violated his rights under the Eighth Amendment. (ECF No. 1). United States District Court Judge Lee R. West referred the matter to the undersigned magistrate judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C). Currently before the court is Plaintiff's "Motion to Proceed Forward and File the Following Supplemental Information Regarding Retaliatory Clause" ("Motion to Proceed") (ECF No. 28), to which Defendants have filed a Response (ECF No. 43).[1] For the reasons set forth below, the undersigned recommends that Plaintiff's Motion be **DENIED**.

### I. BACKGROUND

By this action, Plaintiff asserts Eighth Amendment violations based on various prison conditions including the allegation that Dr. Sorenson has refused to treat certain of

---

[1] The Court previously construed Plaintiff's Motion to Proceed as a Motion for Preliminary Injunction and will address it accordingly herein. (ECF No. 38).

Plaintiff's medical conditions. (ECF No. 1:1, 3-4; ECF No. 1-2:1-5; 1-3:2-3). Defendants previously filed a Motion to Dismiss requesting dismissal on various grounds. On April 10, 2015, the undersigned entered a Supplemental Report and Recommendation recommending the Court deny Defendants' Motion to Dismiss, which was adopted on April 28, 2015. (ECF No. 25, 26).

On May 12, 2015, Plaintiff filed his Motion to Proceed, in which he contends that following the Court's denial of Defendants' Motion to Dismiss, Defendant Sorenson discontinued Plaintiff's prescription of Tylenol 3 (Tylenol with codeine) without reason or explanation, seemingly in retaliation for his lawsuit and the Court's denial of Defendants' request to dismiss the same. (ECF No. 28:1). He contends it was prescribed for a condition related to previous back injuries, medical treatment which is part of the underlying claims in this case, and without the medication, he is in unbearable pain. (ECF No. 28:1). Plaintiff requests that the Court order medical staff at Lawton Correctional Facility to cease all acts of retaliation against him and order medical staff to reinstate Plaintiff's medication. (ECF No. 28:1; ECF No. 33:1).

## II. STANDARD FOR GRANTING PRELIMINARY INJUNCTION

To obtain a preliminary injunction, a party must establish: (1) "a substantial likelihood of success on the merits;" (2) "irreparable harm to the movant if the injunction is denied;" (3) "the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party;" and (4) "the injunction, if issued, will not adversely affect the public interest." *General Motors Corp. v. Urban Gorilla, LLC,* 500 F.3d 1222, 1226

(10th Cir. 2007). The Prison Litigation Reform Act (PLRA) sets forth the parameters for prospective relief regarding prison conditions:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C.A. § 3626(a)(1).

### III. ANALYSIS

Eighth Amendment claims based on allegedly inadequate medical care of inmates are judged under the "deliberate indifference to serious medical needs" test of *Estelle v. Gamble*, 429 U.S. 97 (1976). "Deliberate indifference" is defined as something more than negligence; it requires knowing and disregarding an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court clarified that deliberate indifference has both objective and subjective components. *Id.* at 298–99. The objective component is met if the harm suffered as a result of the alleged deprivation of adequate care is sufficiently serious. *Mata v. Saiz*, 427 F.3d 745, 753 (10th Cir. 2005).

Assuming without deciding that Plaintiff can establish the objective component of his claims, the undersigned will focus on the subjective component for purposes of ruling on the current Motion. The subjective component of the deliberate indifference test is

met if a prison official knows of and disregards an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 837; *Estelle*, 429 U.S. at 104–05. "To prevail on the subjective component, the prisoner must show that the defendant[ ] knew [he] faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Martinez v. Beggs,* 563 F.3d 1082, 1089 (10th Cir. 2009).

In Defendants' Response to Plaintiff's Motion, Defendants contend that Plaintiff's Tylenol 3 prescription was not terminated for retaliatory, or even arbitrary, reasons. On August 20, 2014, Plaintiff presented to Dr. Sorenson with lumbar disc disease with left radiculopathy and peripheral neuropathy affecting his lower extremities. (ECF No. 43-1:1). Dr. Sorenson initially prescribed Tylenol 3 on August 20, 2014 in order to relieve Plaintiff's various related complaints of pain. (ECF No. 43-1:1, 3).[2] Dr. Sorenson examined Plaintiff again on November 4, 2014, at which time he prescribed Tylenol 3 for 215 days for Plaintiff's continuing complaints of pain. (ECF No. 43-1:7-8). Dr. Sorenson also prescribed Neurontin for 190 days for peripheral neuropathy. (ECF No. 43-1:7, 9). Plaintiff's Neurontin prescription was for 600 mg to be taken three times daily. (ECF No. 43-1:9).

Plaintiff was seen by Amy Castro, APRN on March 20, 2015. Plaintiff's previous prescription for Tylenol 3 was due to expire within two days from that date. (ECF No. 43-1:7). According to Defendant Stouffer, at that time there was a nationwide shortage

---

[2] Contrary to ¶ 4 of Defendants' Response, Dr. Sorenson's initial Tylenol 3 prescription was for 90 days rather than 215 days, although Dr. Sorenson did prescribe Mobic for 215 days at that time. (ECF No. 43-1:3, 4).

4

of Tylenol 3 and therefore, Lawton Correctional Facility had a limited supply. (ECF No. 43-1:23). More important for purposes of Plaintiff's Motion, although Plaintiff's prescription for Tylenol 3 was not renewed, his prescription for Neurontin was increased in dosage from 600 mg to 800 mg three times daily. (ECF No. 43-1:25).

Although the evidence considered at this point in the litigation is not dispositive, it appears Plaintiff has not demonstrated a substantial likelihood of success. While Plaintiff is not receiving his preferred medication, he has been prescribed other medication for his medical condition. Indeed, the record shows Plaintiff is receiving a number of medications for various medical conditions. (ECF No. 43-1). Thus, Plaintiff's claim may be based on a mere disagreement regarding proper treatment of his pain. Disagreements with the treatment provided by prison medical staff do not in themselves rise to the level of deliberate indifference necessary to violate the Eighth Amendment. *See Perkins v. Kan. Dept. of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999).

Based on the records submitted with Defendants' Response, it does not appear that the denial of Tylenol 3 in March 2015 was retaliatory in nature, nor does Plaintiff's medical care indicate deliberate indifference to his medical needs. Moreover, in light of the alternative medication Plaintiff has continued to receive, he has not demonstrated that he will suffer irreparable harm related to his back condition during the pendency of this litigation.

Finally, the undersigned finds Plaintiff has failed to show the injunction he seeks is not adverse to the public interest. The Supreme Court has clearly cautioned against

5

judicial interference with the daily administration of prisons. *Turner v. Safley,* 482 U.S. 78, 84–85 (1987). In *Turner,* the Court stated:

> Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint.

*Id.* The desired injunction would obviously interfere with prison medical decisions. Under these circumstances, the public interest weighs against the issuance of a preliminary injunction.[3]

### IV. Miscellaneous Motions

Plaintiff filed a Motion for Punitive and Monetary Damages (ECF No. 42) and a Request for Entry of Default (ECF No. 44) each related to Defendants' delay in meeting previous deadlines. However, Defendants have subsequently cured all deficiencies. As a result, and in light of the disposition recommended herein, the undersigned finds that Plaintiff's remaining motions should be denied as moot.

In addition, on November 9, 2015, Plaintiff filed a Motion for Order requesting assistance to obtain copies of his medical records. (ECF No. 51). Construing this as a Motion to Compel, the undersigned recommends denying the same without prejudice. Shortly before Plaintiff filed said Motion, Defendants filed the Special Report in this matter that included a voluminous amount of Plaintiff's medical records. (ECF No. 47; ECF No.

---

[3] For purposes of any future filings, the undersigned directs Defendants' counsel to the requirement under the Local Civil Rules and the ECF Policy Manual to electronically file each exhibit separately, rather than as a single document. *See* LCvR 5.1 & ECF Policy Manual § II.A.4.a.

47-1). As a result, it is possible Plaintiff now has the subject medical records in his possession. If not, and presuming Plaintiff can show that he has complied with the necessary procedures to obtain such records, he can submit another motion to the Court in the future.

Finally, Plaintiff also filed a Motion for Order regarding allegations that he is being retaliated against by unnamed officials in terms of mail tampering and placement in segregation. (ECF No. 53). To the extent the undersigned would construe this Motion as one seeking temporary injunction against the alleged retaliatory acts, it is recommended that the same be denied. An injunction binds only "the parties" to the action and "other persons who are in active concert or participation" with them. Fed. R. Civ. P. 65(d)(2). The rule entails proof of "'alter ego, collusion, or identity of interest.'" *Reliance Ins. Co. v. Mast Constr. Co.*, 84 F.3d 372, 377 (10th Cir. 1996). As indicated in the Response to this Motion, Defendant Stouffer is no longer employed by Lawton Correctional Facility. (ECF No. 55). Further, Defendant Stouffer is the Health Services Administrator and Plaintiff does not allege, and Defendants deny, that she has any control over inmates placed in segregation or any control over the mail service. (ECF No. 55). Further, Plaintiff indicates that these officials are retaliating against him because of his lawsuit but there is no indication that they are acting in concert with either Defendant, as required for this Court to have authority to issue an injunction.

Further, to the extent Plaintiff is seeking to amend his Complaint to assert causes of action based on alleged retaliation, the undersigned would also recommend the Motion

7

be denied. The claims in this lawsuit are based entirely on allegations that Defendants violated Plaintiff's Eighth Amendment rights related to the medical care provided. Claims implicated by Plaintiff's Motion would be entirely unrelated to the present causes of action and against entirely different, and as yet unnamed, defendants. (ECF No. 55).

> The "controlling principle" in Rule 18(a) is that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *Id.* It also prevents prisoners from "dodging" the fee obligation and "3–strikes" provision of the PLRA. *Id.* Accordingly, a prisoner's attempt to amend the complaint to allege incidents and name parties not part of the same transaction or occurrences as the claims asserted against the defendants named in the original complaint is improper. *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998)(discouraging "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision).

*Green v. Denning*, No. 06–3298–SAC, 2009 WL 484457, at *2 (D. Kan. Feb. 26, 2009). If Plaintiff wishes to pursue these new claims, he should file a separate complaint.

## RECOMMENDATION

It is recommended that Plaintiff's "Motion to Proceed Forward and File the Following Supplemental Information Regarding Retaliatory Clause" **(ECF No. 28)** be **DENIED**. It is further recommended that Plaintiff's Motion for Punitive and Monetary Damages **(ECF No. 42)** and Request for Entry of Default **(ECF No. 44)** be **DENIED as moot.** Finally, it is recommended that Plaintiff's Motion for Order, construed as a Motion to Compel **(ECF No. 51)** be **DENIED without prejudice** and Plaintiff's Motion for

Order, construed as either a Motion for Preliminary Injunction or a Motion to Amend Complaint **(ECF No. 53)**, be **DENIED with prejudice**.

Plaintiff is hereby advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **December 10, 2015**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF THE REFERRAL

This Report and Recommendation does not dispose of all issues currently referred to the undersigned magistrate judge in the captioned matter.

**ENTERED** on November 23, 2015.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE